JUSTIN M. HEILIG
HILL RIVKINS LLP
45 Broadway, Suite 1500
New York, NY 10006
Tel (212) 669-0600
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CERTAIN INTERESTED UNDERWRITERS SUBSCRIBING TO POLICY NO. B1820WLS23D290, | Case No. 25-cv-6758 |
| Plaintiffs, | |
| - against - | **COMPLAINT** |
| MSC MEDITERRANEAN SHIPPING COMPANY S.A. and PEGASUS MARITIME INC., | |
| Defendants. | |

Plaintiffs, Certain Interested Underwriters Subscribing to Policy No. B1820WLS23D290 ("Plaintiffs" or "Underwriters"), by and through their attorneys Hill Rivkins LLP, as and for their Complaint against Defendants MSC Mediterranean Shipping Company S.A. and Pegasus Maritime Inc. (together "Defendants"), allege upon information and belief as follows:

1.      This subrogation action arises from loss or damage to cargoes transported, or intended to be transported, by ocean carriage from Asia to the United States.

2.      This action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

3.      The United States District Court for the Southern District of New York is the proper venue for this action by virtue of the forum selection clause contained in one or more of the operative bills of lading, sea waybills, terms and condition of service, and/or contracts of carriage for the shipments at issue.

4.      At all times relevant hereto, Plaintiffs were and now are a group of insurers and/or Lloyd's syndicates in the London market subscribing to a marine cargo insurance policy, Unique Market Reference B1820WLS23D290 (the "Policy"), issued to Nourison Industries and its affiliated, interrelated, and/or subsidiary companies (collectively "Nourison").

5.      At all times relevant hereto, Nourison was and now is an importer and wholesaler of carpets, and was the consignee and owner of the cargoes described in Schedule A (the "Cargoes"), which is annexed hereto and incorporated herein by reference. Plaintiffs insured the Cargoes under the Policy.

6.      At all times relevant hereto, Defendant MSC Mediterranean Shipping Company S.A. ("MSC") was and now is a corporation or other business entity organized and existing by virtue of foreign law, with an office and place of business at 420 Fifth Avenue, 8th Floor, New York, NY 10018.

7.      At all times relevant hereto, Defendant MSC was and now is engaged in business as a common carrier of goods for hire, issuing bills of lading and/or sea waybills for the common carriage of goods aboard certain ocean-going vessels.

8.      At all times relevant hereto, Defendant Pegasus Maritime Inc. ("Pegasus") was and now is a corporation or other business entity organized and existing by virtue of

New York law, with an office and place of business at 250 W. 39th Street, Suite 503, New York, NY 10018.

9.      At all times relevant hereto, Defendant Pegasus was and now is engaged in business as a non-vessel operating common carrier ("NVOCC") and/or ocean transportation intermediary ("OTI"), licensed by and registered with the U.S. Federal Maritime Commission (license/org. no. 016997), issuing bills of lading and/or sea waybills for the common carriage of goods aboard ocean-going vessels.

10.     In or about August 2024, at the places of receipt identified in Schedule A, the Cargoes were tendered to and delivered into the custody and/or control of Defendants (and/or their agents, servants, and/or subcontractors) in good order and condition, and suitable in every respect for the intended transportation, which Defendants received, accepted, and agreed to transport by ocean carriage to destination, for certain consideration, in the shipping containers and under the bills of lading/sea waybills identified in Schedule A.

11.     However, on or about August 28, 2024, numerous containers and their cargoes fell overboard from the M/V MSC ANTONIA and were lost at sea in the South Atlantic Ocean off the coast of South America, while other containers and their cargoes were damaged by a stow collapse (the "Casualty"), including those identified in Schedule A.

12.     Defendants (and/or their agents, servants, and/or subcontractors) thus failed to deliver the Cargoes to their destination in the same good order and condition as they were received.

13.    By reason of the premises, Defendants (and/or their agents, servants, and/or subcontractors, for whom Defendants are responsible) breached their statutory, contractual, and/or common law duties and obligations as carriers and/or bailees of the Cargoes; were negligent and careless in their handling of the Cargoes; and otherwise are liable for the losses and damages described herein.

14.    Following the Casualty, Nourison submitted an insurance claim to Plaintiffs under the Policy (then in full force and effect) for the loss of and/or damage to the Cargoes, which Plaintiffs paid.

15.    By virtue and to the extent of their payments to Nourison, Plaintiffs became subrogated to all of their assured's rights, remedies, and claims for relief in relation to the Cargoes, including those asserted against Defendants herein.

16.    Plaintiffs bring this action on their own behalf and, as agent and trustee, on behalf of all parties who are or may become interested in the Cargoes, as their respective interests may ultimately appear, whether through subrogation, assignment, agency, or otherwise, and Plaintiffs are entitled to maintain this action.

17.    All obligations and conditions precedent to be performed by the shippers, consignees, and/or owners of the Cargoes, and/or Plaintiffs, have been performed, waived, or otherwise excused, including the payment of freight.

18.    By reason of the premises, Plaintiffs have sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the aggregate amount of $145,638.91.

WHEREFORE, Plaintiffs pray:

i.     that process be issued against Defendants MSC and Pegasus in due form of law according to the practice of this Honorable Court, citing them to appear and answer the foregoing;

ii.    that judgment be entered against Defendants MSC and Pegasus, jointly and severally, in the amount of $145,638.91, together with costs and interest; and

iii.   for such other and further relief as this Honorable Court deems just and proper under the circumstances.

Dated:  New York, New York
        August 15, 2025

HILL RIVKINS LLP,
*Attorneys for Plaintiffs*

By:_____

Justin M. Heilig
45 Broadway, Suite 1500
New York, NY 10006
Tel: (212) 669-0600

5

## SCHEDULE A

Container No.: MSDU5725319
Cargo: 114 Bales of Carpets
Pegasus Bill of Lading/Sea Waybill: PGSM-NSP-SAV-202780
MSC Bill of Lading/Sea Waybill: MEDUJC105148
Place of Receipt: Samalkha (ICD/Panipat), India
Place of Delivery: Savannah, Georgia